IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FLYING DOG BREWERY, LLLP, ) | Case No._____ |
| ) | |
| Plaintiff, ) | COMPLAINT FOR DAMAGES, |
| ) | DECLARATORY AND |
| v. ) | INJUNCTIVE RELIEF |
| ) | [42 U.S.C. § 1983] |
| MICHIGAN LIQUOR CONTROL COMMISSION, ) | |
| NIDA SAMONA, DONALD WEATHERSPOON, ) | |
| PATRICK GAGLIARDI, COLLEEN POBUR, and ) | |
| EDWARD GAFFNEY, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Flying Dog Brewery, LLLP, by and through undersigned counsel, and complains of the Defendants as follows:

INTRODUCTION

Beer bottles should be regulated not by the expression of their labels, but by the character of their content. Regrettably, the Michigan Liquor Control Commission and its members have taken it upon themselves to control not merely alcoholic beverages, but speech as well. Acting as a censorial board, Defendants wield state authority to impose their personal tastes as a prior restraint against core First Amendment expression that happens to be placed on beer labels. Defendants have disrupted Plaintiff's communication with Michigan residents by banning the sale of RAGING BITCH Twentieth Anniversary Belgian-Style India Pale Ale, theorizing that the beer's gonzo-inspired label is "detrimental to the public health, safety and welfare."

This plain First Amendment violation must be enjoined, and Plaintiff must be made whole for its damages.

## THE PARTIES

1.     Plaintiff Flying Dog Brewery, LLLP ("Flying Dog"), is a limited liability limited partnership organized under the laws of the State of Colorado, whose headquarters are located in Denver, Colorado, and whose principal place of business is located in Frederick, Maryland. Flying Dog creates and sells craft beers, shipping approximately 900,000 cases a year worldwide to its network of wholesalers who in turn distribute Flying Dog beers to its corporate customers in the retail, bar, and restaurant businesses.

2.     Defendant Michigan Liquor Control Commission ("Commission") is the entity created by the State of Michigan to enforce the state's laws regulating the sale of alcoholic beverages.

3.     Defendant Nida Samona, a natural person, is the Chairperson of Defendant Commission. Samona is presently enforcing the laws, customs, practices, and policies complained of in this action, and is sued in both her official and individual capacities.

4.     Defendant Donald Weatherspoon, a natural person, is a member of Defendant Commission. Weatherspoon is presently enforcing the laws, customs, practices, and policies complained of in this action, and is sued in both his official and individual capacities.

5.     Defendant Patrick Gagliardi, a natural person, is a member of Defendant Commission. Gagliardi is presently enforcing the laws, customs, practices, and policies complained of in this action, and is sued in both his official and individual capacities.

6.     Defendant Colleen Pobur, a natural person, is a member of Defendant Commission. Pobur is presently enforcing the laws, customs, practices, and policies complained of in this action, and is sued in both her official and individual capacities.

7.	Defendant Edward Gaffney, a natural person, is a member of Defendant Commission. Gaffney is presently enforcing the laws, customs, practices, and policies complained of in this action, and is sued in both his official and individual capacities.

## JURISDICTION AND VENUE

8.	This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

9.	Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

*Flying Dog and Ralph Steadman*

10.	Flying Dog takes its name from a painting of a flying dog hanging in a Pakistani hotel, which brewery co-founder George Stranahan happened upon after a Himalayan climbing expedition. Appreciating the artwork's can-do spirit, Stranahan adopted this mascot and moniker for his brewery because it represents the idea that "it is amazing what you can achieve if nobody tells you that you can't."

11.	Stranahan, and in-turn, Flying Dog, were influenced by Stranahan's longtime friend and neighbor, the iconoclastic journalist and literary figure Hunter S. Thompson. Flying Dog's identity, and that of its products, is inextricably imbued with and promotes the irreverent "gonzo" spirit and outlook for which Thompson is noted.

12.	Thompson often collaborated with the artist Ralph Steadman, most notably on their book FEAR AND LOATHING IN LAS VEGAS, to which Steadman contributed illustration. Steadman is renowned for expressing social and political commentary through his art. Steadman has won numerous awards, including the Francis Williams Book Illustration Award for ALICE IN

WONDERLAND, the American Society of Illustrators' Certificate of Merit, the W H Smith Illustration Award for I LEONARDO, the Dutch Silver Paintbrush Award for INSPECTOR MOUSE, the Italian Critica in Erba Prize for THAT'S MY DAD, the BBC Design Award for postage stamps, the Black Humour Award in France, and several Designers and Art Directors Association Awards. He was voted Illustrator of the Year by the American Institute of Graphic Arts in 1979. As well as writing and illustrating his own books and Thompson's, Steadman has worked with writers including Ted Hughes, Adrian Mitchell and Brian Patten, and also illustrated editions of TREASURE ISLAND, ANIMAL FARM and most recently, FAHRENHEIT 451. Steadman illustrates Will Self's column in the British INDEPENDENT newspaper, and also writes for KOTORI MAGAZINE. Steadman's work has also appeared in PUNCH, PRIVATE EYE, the DAILY TELEGRAPH, the NEW YORK TIMES, and ROLLING STONE.

13. Thompson introduced Plaintiff Flying Dog to Steadman, and the two began a partnership under which Steadman produces, under license, illustration for Flying Dog's corporate imaging. Steadman's illustrations grace the labels of Flying Dog's beers and beer packaging, and are also sold and otherwise distributed by Flying Dog on other merchandise, including posters and clothing.

14. Appreciation of art, both the art of beer-craft and the visual arts, lies at the core of Flying Dog's philosophy. As Stranahan noted, "Art is our first language and we like and agree with what Ralph Steadman chooses to say through his art on our labels; that this is a wonderful world on a wacky path." The dogs depicted on Flying Dog's labels "are a reflection of the people we strive to be, carefree and spontaneous, rough around the edges but with real charm."

15. Flying Dog's ales include DOGGIE STYLE Classic Pale Ale, IN HEAT WHEAT Hefeweizen Ale, OLD SCRATCH Amber Lager, ROAD DOG Porter, TIRE BITE Golden Ale, SNAKE DOG India Pale Ale, GONZO Imperial Porter, HORN DOG Barley Wine, DOUBLE DOG Double Pale Ale, KERBEROS Tripel, and seasonal ales GARDE DOG Biere de Garde, WOODY CREEK WHITE Belgian Wit, DOGTOBERFEST Marzen, and K-9 CRUISER Winter Ale.

16. In celebration of its twentieth anniversary, Flying Dog created RAGING BITCH, a Belgian-style India Pale Ale. RAGING BITCH was voted among the "Top Ten New Beers in America in 2010" by MODERN BREWERY AGE, and is now Flying Dog's top selling beer. The beer's label contains a Steadman drawing of a female dog, along with the following inscription:

> "Two inflammatory words ... one wild drink. Nectar imprisoned in a bottle. Let it out. It is cruel to keep a wild animal locked up. Uncap it. Release it .... stand back!! Wallow in its golden glow in a glass beneath a white foaming head. Remember, enjoying a RAGING BITCH, unleashed, untamed, unbridled—and in heat—is pure GONZO!! It has taken 20 years to get from there to here. Enjoy!" – Ralph Steadman

*The Regulatory Framework*

17. In Michigan, the sale, delivery, or importation of alcohol must usually be "made by the [Defendant] commission, the commission's authorized agent or distributor, an authorized distribution agent approved by order of the commission, a person licensed by the commission, or by prior written order of the commission." MICH. COMP. LAWS § 436.1203(1).

18. Pursuant to MICH. COMP. LAW § 436.1209(2) and Defendant Samona's designation, Defendants Samona, Weatherspoon, and Gagliardi are designated as "Administrative Commissioners" tasked with administering Michigan's Liquor Control Code, including the making of licensing determinations. Defendants Pobur and Gaffney are designated as "Hearing Commissioners," tasked with conducting enforcement hearings.

19. Out-of-state beer manufacturers who make and package their own product must apply to Defendant Commission for a license to sell their product within the State. MICH. LIQUOR CONTROL COMM'N R. 436.1609.

20. Failure to obtain authorization from the Defendant Commission for the importation, distribution, or sale of alcohol in an amount of at least 80,000 milliliters of alcohol is a felony punishable by not more than 4 years in prison, a fine of not more than $5,000, or both. MICH. COMP. LAWS §§ 436.1901(4), 436.1909(4)(a). This violation also subjects the violator to forfeiture of proceeds or an instrumentality, as outlined in the Michigan Penal Code. *Id.* §§ 436.1901(4), 750.159f-x. Violation in the amount of at least 8,000 milliliters but less than 80,000 milliliters is a misdemeanor punishable by not more than 93 days in prison, a fine of not more than $2,500, or both, *id.* §§ 436.1901(4), 436.1909(4)(b), and violation in the amount of less than 8,000 milliliters is a state civil infraction, triggering a possible civil fine of not more than $1,000, *id.* §§ 436.1901(4), 436.1909(4)(c). A person who performs any act requiring a license and who does not obtain one is guilty of a felony punishable by imprisonment of not more than 1 year, a fine of not more than $1,000, or both. *Id.* § 436.1909(3).

21. Defendant Commission directly regulates the advertisement of alcohol in Michigan, including beer bottle labels. Advertisements for beer must comply with the Defendant Commission's rules and with federal malt beverage regulations codified in 27 C.F.R. §§ 7.50-.55, MICH. LIQUOR CONTROL COMM'N R. 436.1303. Defendant Commission reserves the authority to review and reject any advertising that does not meet its standards. MICH. LIQUOR CONTROL COMM'N R. 436.1309. Beer must be truthfully labeled with the contents of the

beverage and must be registered with and approved for sale by Defendant Commission. MICH. LIQUOR CONTROL COMM'N R. 436.1611(1)(b)-(c).

22. Defendants reserve to themselves the right to reject the registration of any beer label "that is deemed to promote violence, racism, sexism, intemperance, or intoxication or to be detrimental to the health, safety, or welfare of the general public." MICH. LIQUOR CONTROL COMM'N R. 436.1611(1)(d).

*Defendants' Censorship of Flying Dog's Expression*

23. On or about September 17, 2009, Flying Dog applied to Defendant Commission for a license to sell RAGING BITCH.

24. On or about November 18, 2009, Defendants Samona, Weatherspoon, and Gagliardi, acting as Defendant Commission, denied Plaintiff's application to sell RAGING BITCH. Defendants denied Flying Dog's application under MICH. LIQUOR CONTROL COMM'N R. 436.1611(1)(d), based upon the following finding:

> The Commission finds that the proposed label which includes the brand name "Raging Bitch" contains such language deemed detrimental to the health, safety, or welfare of the general public.

25. Flying Dog sought an administrative appellate hearing (in effect, a request for reconsideration) from the order barring the sale of RAGING BITCH. Defendants Weatherspoon and Gagliardi presided over Flying Dog's administrative appeal.

26. At the hearing, Defendant Commission's attorney, Howard Goldberg, objected not only to the RAGING BITCH brand name, but also to Ralph Steadman's statement on the beer label. And although Goldberg offered he was not suggesting the censorship of Flying Dog's website, he pointed to Flying Dog's website in asserting that "there is a tenor, if you will, to the

promotion that I think that you [the Commission] have quite correctly caught and need to address."

27. Defendant Weatherspoon repeatedly expressed his objection to the label's copy, "Remember, enjoying a RAGING BITCH, unleashed, untamed, unbridled—and in heat—is pure GONZO!!" Defendant Gagliardi offered,

> We understand Gonzo Journalism, and I'm certainly not aversed [sic], and I don't think Commissioner Weatherspoon or the Chairwoman [Defendant Samona] are aversed [sic] to having or reading edgy writing; but we do have a responsibility here to place product in a public place with the names that are on it, and that's what we take very seriously.

28. On or about July 7, 2010, Defendants Weatherspoon and Gagliardi, acting as Defendant Commission, affirmed their earlier decision barring the sale of RAGING BITCH, stating:

> The Commission . . . continues to find that the label in question contains such language deemed detrimental to the health, safety or welfare of the general public and the basis of denial as set forth in its order of November 18, 2009, should be upheld.
>
> Therefore, it is the order of the Commission that its order of November 18, 2009 relative to the applicant's request to register "Raging Bitch" Belgian-style India Pale Ale for sale in the State of Michigan <u>BE AFFIRMED</u>.

29. Flying Dog would advertise and sell RAGING BITCH in Michigan, but refrains from doing so because it reasonably fears criminal penalties for doing so without a license issued by Defendants. Flying Dog would also advertise and sell other beers it may yet create, which would need to satisfy Defendants' application of MICH. LIQUOR CONTROL COMM'N R. 436.1611(1)(d).

30. Flying Dog's inability to legally sell RAGING BITCH in Michigan has damaged Flying Dog by costing it significant sales of RAGING BITCH beer and ancillary RAGING BITCH-branded products, as well as generally damaging Flying Dog's goodwill in Michigan and thus hurting the sales of Flying Dog's other beers and products that may be legally sold in Michigan.

CLAIM FOR RELIEF
RIGHT OF FREE SPEECH – U.S. CONST., AMEND. I
42 U.S.C. § 1983

31.  Paragraphs 1 through 30 are incorporated as though fully referenced herein.

32.  Flying Dog's label for RAGING BITCH beer constitutes expression protected by the First Amendment to the United States Constitution.

33.  MICH. LIQUOR CONTROL COMM'N R. 436.1611(1)(d) is invalid on its face as an unconstitutional prior restraint on protected expression.

34.  MICH. LIQUOR CONTROL COMM'N R. 436.1611(1)(d) is invalid on its face as inherently vague and ambiguous, implicating due process and speech concerns.

35.  MICH. LIQUOR CONTROL COMM'N R. 436.1611(1)(d) is invalid as applied to bar the advertisement and sale of RAGING BITCH, as Defendants lack any valid interest justifying censorship of the RAGING BITCH label.

36.  Defendants' interruption and prevention of Flying Dog's advertisement and sale of RAGING BITCH, under color of state law, violates Flying Dog's rights under the First Amendment to the United States Constitution, causing Flying Dog significant damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Flying Dog Brewery, LLLP requests that judgment be entered in its favor and against Defendants as follows:

1.  Preliminary and permanent injunctive relief barring Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing MICH. LIQUOR CONTROL COMM'N R. 436.1611(1)(d) against the sale of RAGING BITCH beer;

2. Declaratory relief consistent with the injunction, including, specifically, declaratory relief to the effect that MICH. LIQUOR CONTROL COMM'N R. 436.1611(1)(d) is unconstitutional;

3. An order mandating Defendants' issuance of a sales license in Michigan to Flying Dog for RAGING BITCH beer;

4. Against Defendants Samona, Weatherspoon, Gagliardi, Pobur, and Gaffney, compensatory damages in an amount according to proof at trial;

5. Attorney fees and expenses pursuant to 42 U.S.C. § 1988;

6. Ordinary taxable costs of suit; and

7. Any further relief as the Court deems just and appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY ON THE ISSUE OF DAMAGES.

Dated: March 25, 2011    Respectfully Submitted,

Alan Gura
Candice N. Hance
GURA & POSSESSKY, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax: 703.997.7665
alan@gurapossessky.com

By:    /s/ Alan Gura
       Alan Gura

Attorneys for Plaintiff Flying Dog Brewery, LLLP