UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLYING DOG BREWERY, LLLP,

      Plaintiff,

v

                                     No. 1:11-cv-307

MICHIGAN LIQUOR CONTROL COMMISSION,    HON. ROBERT J. JONKER
NIDA SAMONA, DONALD WEATHERSPOON,
PATRICK GAGLIARDI, COLLEEN POBUR, and
EDWARD GAFFNEY,

      Defendants.

_____

Alan Gura                              BILL SCHUETTE (P32532)
Gura & Possessky, PLLC              Attorney General
Attorney for Plaintiff                 DONALD MCGEHEE (P37489)
101 N. Columbus Street, Suite 405     GERALD WHALEN (P44084)
Alexandria, VA  22314             ROSENDO ASEVEDO, JR. (P28369)
(703) 835-9085                     MELINDA LEONARD (P63638)
alan@gurapossessky.com            Assistant Attorneys General
                                         Alcohol & Gambling Enforcement
                                         Division
                                         Attorneys for Defendants

_____/

**DEFENDANTS' FIRST AMENDED ANSWER TO COMPLAINT**

     NOW COME Defendants, Michigan Liquor Control Commission; Nida Samona,

individually, and in her official capacity as Chairperson of the Michigan Liquor Control

Commission; Donald Weatherspoon, and Patrick Gagliardi, individually, and in their official

capacities as Administrative Commissioners of the Michigan Liquor Control Commission;

Colleen Pobur and Edward Gaffney, individually, and in their official capacities as Hearing

Commissioners of the Michigan Liquor Control Commission (hereinafter "Commission Defendants"), by and through their attorneys, Bill Schuette, Attorney General of the State of Michigan, and Donald McGehee, Gerald Whalen, Melinda Leonard and Rosendo Asevedo, Jr., Assistant Attorneys General, and for their First Amended Answer to Plaintiff's Complaint, state as follows:

## INTRODUCTION

In answer to the paragraphs, Commission Defendants deny any violation of constitutional rights of the Plaintiff.  As to the remainder of the paragraph, Commission Defendants need not respond to the legal conclusions contained therein and expressly reserve all rights and authority established under Mich. Const. Art 4, § 40, Mich. Comp. Laws § 436.1101, *et seq*., and Mich. Admin. Code. r. 436.1611 (1979).

## THE PARTIES

1.  Answering paragraph 1, Commission Defendants can neither admit nor deny the allegations contained therein, having insufficient knowledge upon which to plead, and leave the Plaintiff to its proofs.

2.  Answering paragraph 2, Commission Defendants acknowledge that the Michigan Liquor Control Commission is a constitutionally authorized Commission, Mich. Const. Art. 4, § 40, established by the Michigan Legislature, §436.1101, *et seq.*

3.  Answering paragraph 3, Commission Defendants admit that Nida Samona, in her official capacity, is the Chairperson of the Michigan Liquor Control Commission, and denies there is any legitimate basis for any valid claim against Defendant Nida Samona, in her individual or official capacity.

4.  Answering paragraph 4, Commission Defendants admit that Donald Weatherspoon, in his official capacity, is an Administrative Commissioner of the Michigan Liquor Control Commission, and denies there is any legitimate basis for any valid claim against Defendant Donald Weatherspoon, in his individual or official capacity.

5.  Answering paragraph 5, Commission Defendants admit that Patrick Gagliardi, in his official capacity, is an Administrative Commissioner of the Michigan Liquor Control Commission, and denies there is any legitimate basis for any valid claim against Defendant Patrick Gagliardi, in his individual or official capacity.

6.  Answering paragraph 6, Commission Defendants admit that Colleen Pobur, in her official capacity, is a Hearing Commissioner of the Michigan Liquor Control Commission, and denies there is any legitimate basis for any valid claim against Defendant Colleen Pobur, in her individual or official capacity.

7.  Answering paragraph 7, Commission Defendants admit that Edward Gaffney, in his official capacity, is a Hearing Commissioner of the Michigan Liquor Control Commission, and denies there is any legitimate basis for any valid claim against Defendant Edward Gaffney, in his individual or official capacity.

**JURISDICTION AND VENUE**

8.  Answering paragraph 8, Commission Defendants acknowledge that 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983 exist as cited in the paragraph, but deny that Plaintiff has a valid claim under § 1983, nor that the Commission Defendants abridged any of Plaintiff's constitutional or statutory rights, nor declaratory or injunctive relief is warranted.

9.  Answering paragraph 9, Commission Defendants acknowledge that 28 U.S.C. § 1391 allows for venue in this court.

## STATEMENT OF FACTS

10.  Answering paragraph 10, Commission Defendants can neither admit nor deny the statements contained therein, having insufficient knowledge upon which to plead, and leave the Plaintiff to its proofs.

11.  Answering paragraph 11, Commission Defendants can neither admit nor deny the statements contained therein, having insufficient knowledge upon which to plead, and leave the Plaintiff to its proofs.

12.  Answering paragraph 12, Commission Defendants can neither admit nor deny the statements contained therein, having insufficient knowledge upon which to plead, and leave the Plaintiff to its proofs.

13.  Answering paragraph 13, Commission Defendants can neither admit nor deny the statements contained therein, having insufficient knowledge upon which to plead, and leave the Plaintiff to its proofs.

14.  Answering paragraph 14, Commission Defendants can neither admit nor deny the statements contained therein, having insufficient knowledge upon which to plead, and leave the Plaintiff to its proofs.

15.  Answering paragraph 15, Commission Defendants can neither admit nor deny the statements contained therein, having insufficient knowledge upon which to plead, and leave the Plaintiff to its proofs.

16. Answering paragraph 16, Commission Defendants can neither admit nor deny the statements contained therein, having insufficient knowledge upon which to plead, and leave the Plaintiff to its proofs. Further answering, Defendants acknowledge that the quote from the Raging Bitch label is accurate.

17. Answering paragraph 17, Commission Defendants acknowledge that Mich. Comp. Laws § 436.1203 provides the Michigan Liquor Control Commission with statutory authority to regulate the sale and importation of alcohol liquor within the State of Michigan.

18. Answering paragraph 18, Commission Defendants admit that Commissioners Samona, Gagliardi and Weatherspoon are Administrative Commissioners of the Michigan Liquor Control Commission and Commissioners Pobur and Gaffney are Hearing Commissioners of the Michigan Liquor Control Commission and their respective duties as Commissioners are regulated by Mich. Comp. Laws § 436.1209.

19. Answering paragraph 19, Commission Defendants acknowledge that Mich. Admin. Code. r. 436.1609 requires that an outside seller of beer be licensed by the Michigan Liquor Control Commission as does § 1609(8).

20. Answering paragraph 20, Commission Defendants deny that Mich. Comp. Laws § 436.1901(4) and Mich. Comp. Laws § 436.1909(4)(a) apply to Plaintiff. The cited statutory sections apply to spirits which are defined by Mich. Comp. Laws § 436.1111(14):

> (14) "Spirits" means a beverage that contains alcohol obtained by distillation, mixed with potable water or other substances, or both, in solution, and includes wine containing an alcoholic content of more than 21% by volume, except sacramental wine and mixed spirit drink.

Mich. Comp. Laws § 750.159g(pp) applies to the illegal sale, delivery or importation of spirits, not an outstate seller of beer as defined by Mich. Comp. Laws § 436.1109(8):

B)  "Outstate seller of beer" means a person licensed by the commission to sell beer which has not been manufactured in this state to a wholesaler in this state in accordance with rules promulgated by the commission.

21.  Answering paragraph 21, Commission Defendants admit that Mich. Admin. Code. r. 436.1303 incorporates by reference 27 C.F.R., Mich. Admin. Code. r. 436.1309, and Mich. Admin. Code. r. 436.1611 regulates advertising by an outside seller of beer.

22.  Answering paragraph 22, Commission Defendants state that this paragraph inaccurately states Mich. Admin. Code. r. 436.1611(1)(d).  The rule reads:

Rule 11.  (1)  the sale of beer is prohibited in this state unless all of the following provisions are complied with:

*  *  *

(d)  The commission may disapprove any beer label submitted for registration that is deemed to promote violence, racism, sexism, intemperance, or intoxication or to be detrimental to the health, safety, or welfare of the general public.

23.  Answering paragraph 23, Commission Defendants admit the allegations contained therein.

24.  Answering paragraph 24, Commission Defendants acknowledge that the Michigan Liquor Control Commission Administrative Order dated November 18, 2009, denied a request to register "Raging Bitch" Belgian-Style India Pale Ale for sale in Michigan based upon Mich. Admin. Code. r. 436.1611(1)(d).

25.  Answering paragraph 25, Commission Defendants acknowledge that an administrative hearing was held April 22, 2010, in which Administrative Commissioners Gagliardi and Weatherspoon were present.

26.  Answering paragraph 26, Commission Defendants acknowledge that First Assistant Attorney General Howard Goldberg was present at the April 22, 2010 administrative hearing. The statements are contained within a 20-page transcript which is attached as Exhibit 4 to

Defendants' Response and Brief in Opposition to Plaintiff's Motion for Preliminary Injunction. Further answering this paragraph, Defendants neither admit nor deny the allegations but leave the Plaintiff to its proofs.

27.  Answering paragraph 27, Commission Defendants acknowledge that Administrative Commissioners Weatherspoon and Gagliardi were present at the April 22, 2010 administrative hearing.  Their statements are contained in a 20-page transcript which is attached as Exhibit 4 to Defendants' Response and Brief in Opposition to Plaintiff's Motion for Preliminary Injunction. However, if this paragraph contains an allegation, Commission Defendants neither admit nor deny the allegations but leave Plaintiff to its proofs.

28.  Answering paragraph 28, Commission Defendants admit that an Order dated July 7, 2010, affirmed the November 18, 2009 Order that denied a request to register "Raging Bitch" for sale in Michigan for the reasons stated in both Orders.

29.  Answering paragraph 29, Commission Defendants neither admit nor deny the allegations having insufficient knowledge upon which to plead, and leave Plaintiff to its proofs.

30.  Answering paragraph 30, Commission Defendants neither admit nor deny the allegations having insufficient knowledge upon which to plead, and leave Plaintiff to its proofs.

## CLAIM FOR RELIEF
## RIGHT OF FREE SPEECH – U.S. CONST., AMEND. 1
## 42 U.S.D. § 1983

31.  Commission Defendants hereby incorporate by reference their answers to paragraphs 1 through 30 of this Answer to the complaint as fully set forth herein.

32.  Answering paragraph 32, Commission Defendants deny that they have violated the First Amendment, U.S. Const. art. 1, § 5.  Further answering, Defendants need not respond to the

legal conclusions contained therein.  Defendants further reserve all rights and authority vested under the 21st Amendment of the United States Constitution; Mich. Const. Art. 4, § 40 and Mich. Comp. Laws §§ 436.1101.

33.  Answering paragraph 33, Commission Defendants deny that Mich. Admin. Code. r. 436.1611 is invalid.  Further, Commission Defendants acknowledge that the First Amendment of the United States Constitution does not give unlimited freedom of expression to Plaintiff. Defendants deny any violation of any constitutional rights of Plaintiff.

34.  Answering paragraph 34, Commission Defendants deny that Mich. Admin. Code. r. 436.1611 is invalid.  Further, Commission Defendants acknowledge that the First Amendment of the United States Constitution does not give unlimited freedom of expression to Plaintiff. Defendants deny any violation of any constitutional rights of Plaintiff.

35.  Answering paragraph 35, Commission Defendants deny that Mich. Admin. Code. r. 436.1611 is invalid.  Further, Commission Defendants acknowledge that the First Amendment of the United States Constitution does not give unlimited freedom of expression to Plaintiff. Defendants deny any violation of any constitutional rights of Plaintiff.

36.  Answering paragraph 36, Commission Defendants deny that Mich. Admin. Code. r. 436.1611 is invalid.  Further, Commission Defendants acknowledge that the First Amendment of the United States Constitution does not give unlimited freedom of expression to Plaintiff. Defendants deny any violation of any constitutional rights of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, Michigan Liquor Control Commission, Nida Samona, Donald Weatherspoon, Patrick Gagliardi, Colleen Pobur and Edward Gaffney, respectfully

request this Honorable Court deny the relief requested by the Plaintiff as any may apply to Defendants and enter a judgment of no cause for action in favor of these Defendants, dismiss the Complaint, with prejudice, and award Defendants their costs and attorney fees so wrongfully sustained.

<div style="margin-left: 40%;">

Respectfully submitted,

Bill Schuette (P32532)
Attorney General


s/ Rosendo Asevedo, Jr.
Rosendo Asevedo, Jr. (P28369)
Assistant Attorney General
Attorneys for Defendants
Alcohol & Gambling Enforcement Division
25680 W. 8 Mile Road
Southfield, MI 48033
(313) 456-1180
asevedor@michigan.gov

</div>

DATED: May 27, 2011

## **FIRST AMENDED AFFIRMATIVE DEFENSES**

Please be advised that at the time of trial or before, Defendants, Michigan Liquor Control Commission; Nida Samona, individually, and in her official capacity as Chairperson of the Michigan Liquor Control Commission; Donald Weatherspoon, and Patrick Gagliardi, individually, and in their official capacities as Administrative Commissioners of the Michigan Liquor Control Commission; Colleen Pobur and Edward Gaffney, individually, and in their official capacities as Hearing Commissioners of the Michigan Liquor Control Commission will assert Affirmative Defenses that include, but are not necessarily limited to, the following:

1.  Plaintiff fails to state claims upon which relief can be granted, and Commission Defendants are entitled to summary judgment as a matter of law.

2.  There are no genuine issues as to any material fact as to the claims of the Plaintiff and Commission Defendants are entitled to summary judgment as a matter of law.

3.  The Plaintiff has suffered no injuries as a result of constitutional violations and as a result, the Plaintiff's claims are premature and are not ripe for adjudication.

4.  The Plaintiff has suffered no cognizable injury because neither the U.S. nor the Michigan Constitutions guarantee nor provide for the alleged constitutional rights or protections that Plaintiff claims.

5.  There is no controversy that exists between Plaintiff and the Commission Defendants that is suitable for adjudication.

6.  The Plaintiff has suffered no actual or other damages that in any way might be attributable to these Defendants.

7.  Any equitable claim asserted by Plaintiff may be barred by the doctrines of waiver, estoppel, unclean hands and laches.

8.  Commission Defendants, in their official capacities, are fully immune from Plaintiff's claims based upon the Eleventh Amendment under the U.S. Constitution.

9.  Commission Defendants, in their individual capacities, are immune from Plaintiff's claims through the application of qualified immunity.

10.  Commission Defendants are entitled to absolute and/or quasi-judicial immunity from suit in that their decisions were made while **performing judicial or quasi-judicial functions**.

11.  That the claims of the Plaintiff may be barred  or fail to state a claim by other defenses, such as the doctrine of release, statute of limitations, unlawful obscenity, profanity and indecency and morality laws and/or other affirmative defenses which may come to light during the course of discovery proceedings.  Commission Defendants, each and every, reserve the right to identify such other and additional affirmative defenses as circumstances supporting such affirmative defense or defenses come to light.

12.  The Commission Defendants were acting within the scope of § 2 of the 21st Amendment to the U.S. Constitution as the transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is prohibited.

13.  Plaintiff has not pled and cannot establish any elements, circumstances, or injuries to warrant the relief requested due to any element of a civil conspiracy, constitutional violations, claims of discrimination taking, or interference with business activities which are not a cognizable civil claim.

14.  Any actions or regulations of Commission Defendants contained in Plaintiff's complaint were not designed, designated nor intended to suppress, impede, or otherwise adversely effect constitutionally protected speech or expression.

15.  Commission Defendants in their official capacities are not persons that can be sued under 42 U.S.C. § 1983.

16. Commission Defendants Pobur and Gaffney had no personal involvement with the decision to deny the "Raging Bitch" beer label or the enforcement of same.

WHEREFORE, Commission Defendants reserve the right, upon completion of discovery or before, to file additional defenses and or amend as may be appropriate or necessary.

Respectfully submitted,

Bill Schuette (P32532)
Attorney General

s/Rosendo Asevedo, Jr.
Rosendo Asevedo, Jr. (P28369)
Assistant Attorney General
Attorneys for Defendants
Alcohol & Gambling Enforcement Division
25680 W. 8 Mile Road
Southfield, MI 48033
(313) 456-1180
asevedor@michigan.gov

DATED: May 27, 2011

## RELIANCE UPON JURY DEMAND

NOW COME Defendants, Michigan Liquor Control Commission; Nida Samona, individually, and in her official capacity as Chairperson of the Michigan Liquor Control Commission; Donald Weatherspoon, and Patrick Gagliardi, individually, and in their official capacities as Administrative Commissioners of the Michigan Liquor Control Commission; Colleen Pobur and Edward Gaffney, individually, and in their official capacities as Hearing Commissioners of the Michigan Liquor Control Commission, by and through their attorneys, Bill Schuette, Attorney General of the State of Michigan, and Donald McGehee, Gerald Whalen, Melinda Leonard and Rosendo Asevedo, Jr., Assistant Attorneys General, and hereby rely upon

Plaintiffs' Demand for a trial by jury in the above matter as to all claims subject to such a

demand.

Respectfully submitted,

Bill Schuette (P32532)
Attorney General

s/Rosendo Asevedo, Jr.
Rosendo Asevedo, Jr. (P28369)
Assistant Attorney General
Attorneys for Defendants
Alcohol & Gambling Enforcement Division
25680 W. 8 Mile Road
Southfield, MI  48033
(313) 456-1180
asevedor@michigan.gov

DATED:  May 27, 2011

## CERTIFICATE OF SERVICE

I certify that on May 27, 2011, I electronically filed the foregoing pleadings with the Clerk of the Court using the ECF system which will send notification of such filing to the below attorney/parties of record and I also hereby certify that I have mailed by United States Postal Service the paper to the below attorney/parties on record along with any non-ECF participants.

Alan Gura  - alan@gurapossessky.com
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA  22314

s/Rosendo Asevedo, Jr.
Rosendo Asevedo, Jr. (P28369)
Assistant Attorney General
Attorneys for Defendants
Alcohol & Gambling Enforcement Division
asevedor@michigan.gov