IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| FLYING DOG BREWERY, LLLP | ) | Case No. 1:11-CV-00307-RJJ |
| | ) | |
| Plaintiff, | ) | JOINT STATUS REPORT |
| | ) | |
| v. | ) | |
| | ) | |
| MICHIGAN LIQUOR CONTROL | ) | |
| COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

A Rule 16 Scheduling Conference is scheduled for June 8, 2011, at 4:00 p.m., before the Hon. Robert J. Jonker. Appearing for the parties as counsel will be Alan Gura for the Plaintiff, and Donald McGehee for the Defendants.

1.     Jurisdiction

The bases for the Court's jurisdiction are 28 U.S.C. §§ 1331, 1343, and 2201, and 42 U.S.C. § 1983. Defendants acknowledge jurisdiction under these statutes but have asserted 11th Amendment immunity in their official capacities as to all damage claims and retroactive relief sought. The case does not include any pendent state law claims.

2.     Jury or Non-Jury

The case is to be tried before a jury as to damages, but liability is a legal question for the Court.

3.     Judicial Availability

The parties do not agree to have a United State Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4.      <u>Geographic Transfer</u>

Transfer for geographic convenience is not warranted in this case.

5.      <u>Statement of the Case</u>

Plaintiff Flying Dog Brewery, LLLP, claims that Defendants violated its First Amendment right of free speech by denying its request to register the label for its RAGING BITCH beer, which is a prerequisite to selling the beer in Michigan, and subjecting its speech to an unlawful prior restraint. Defendants denied the beer label registration request under MICH. ADMIN. CODE R. 436.1611(1)(d), which states that the Commission may disapprove any beer label "that is deemed to promote violence, racism, sexism, intemperance, or intoxication or to be detrimental to the health, safety, or welfare of the general public." Plaintiff seeks injunctive relief barring enforcement of Rule 436.1611(1)(d), declaratory relief that the provision is unconstitutional on its face and as-applied, compensatory damages, and attorney fees.

Defendants, the Michigan Liquor Control Commission and its individual Commissioners, claim that Plaintiff's beer label is entitled to only the level of First Amendment protection afforded to commercial speech; that Rule 436.1611(1)(d) is constitutional and was applied against Plaintiff constitutionally; and that in any event, they are fully immune under the 11th Amendment, entitled to qualified immunity, and entitled to absolute and/or quasi-judicial immunity, as stated in their First Amended Answer to Complaint.

6.      <u>Joinder of Parties and Amendment of Pleadings</u>:

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by August 15, 2011.

7.      <u>Disclosures and Exchanges</u>:

The parties propose to comply with Fed. R. Civ. Proc. 26(a) without modification, on the following dates:

(i) Fed.R.Civ.P. 26(a)(1) disclosures: September 14, 2011.

(ii) Fed.R.Civ. P. 26(a)(2) disclosures: September 14, 2011.

(iii) Fed.R.Civ.P. 26(a)(3) disclosures: 30 days prior to trial.

(iv) The parties are unable to agree on voluntary production at this time.

(v) Initial Disclosure of potential lay witnesses: September 14, 2011.

8.      <u>Discovery</u>:

The parties believe that all discovery proceedings can be completed by November 15, 2011, or 90 days before trial, whichever is later. The parties recommend the following discovery plan: the parties propose no changes at this time to the presumptive limits set forth in the Rules. Discovery is expected to focus on the issue of damages, but may also encompass issues concerning liability.  The parties reserve the right to explore other issues if necessary, subject to all of their objections, which are reserved.

9.      <u>Motions</u>:

The parties anticipate that all dispositive motions will be filed by December 16, 2011, or 45 days before trial, whichever is later. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

10.     Alternative Dispute Resolution:

The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: the parties are exploring ADR options and believe the case could be suitable for ADR as to damages.

11.     Length of Trial:

Counsel estimate the trial will last approximately 3 days, total, allocated as follows:  1.5 days for Plaintiff's case, 1.5 days for Defendant's case, 0 days for other parties.

12.     Prospects of Settlement:

The status of settlement negotiations is: the attorneys have met and conferred several times regarding settlement. The obstacles to settlement are disagreements regarding the validity of the rule and the monetary relief sought by Plaintiff, which are contested by Defendants.

13.     Electronic Document Filing System:

Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

14.     Other:

The parties agree that disposition by motion of their competing legal claims might resolve the case.

Dated: June 1, 2011                         Respectfully submitted,

| | |
|---|---|
| /s/ Alan Gura | /s/ Donald McGehee |
| Alan Gura | Bill Schuette, Attorney General |
| Gura & Possessky, PLLC | Donald McGehee |
| 101 N. Columbus Street | Gerald Whalen |
| Suite 405 | Rosendo Asevedo, Jr. |
| Alexandria, VA 22314 | Melinda Leonard |
| 703.835.9085/703.997.7665 | Assistant Attorneys General |
| alan@gurapossessky.com | Alcohol and Gambling Enforcement Division |
| | 25680 W. 8 Mile Road |
| | Southfield, MI 48033 |
| | 313.456.1180 |
| | mcgeheed1@michigan.gov |