IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| FLYING DOG BREWERY, LLLP | ) | Case No. 1:11-CV-00307-RJJ |
| | ) | |
| Plaintiff, | ) | NOTICE OF NEWLY-DECIDED |
| | ) | AUTHORITY RE: PLAINTIFF'S MOTION |
| v. | ) | FOR PRELIMINARY INJUNCTION |
| | ) | |
| MICHIGAN LIQUOR CONTROL COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PLEASE TAKE NOTICE that yesterday, the Supreme Court decided the case of *Sorrell v. IMS Health, Inc.*, 564 U.S. ___ (2011), striking down Vermont's prohibition of the sale, disclosure, and use of pharmaceutical prescription data for marketing purposes as violating the First Amendment's Free Speech guarantee.[1]

The Supreme Court "assumed" that the state's interests in safeguarding medical privacy, and reducing inappropriate prescription decisions, were "significant." *Id.*, slip op., at 1. Nonetheless, content-based restrictions on "[s]peech in aid of pharmaceutical marketing" was entitled to heightened judicial scrutiny. *Id.* "The law on its face burdens disfavored speech by disfavored speakers." Slip op., at 8. "[I]t is apparent that [the provision] imposes burdens that are based on the content of speech and that are aimed at a particular viewpoint . . . It follows that heightened judicial scrutiny is warranted." Slip op., at 9 (citations omitted). "The First Amendment requires heightened scrutiny whenever the government creates 'a regulation of speech because of disagreement with the message it conveys.'" Slip op., at 10.

---

[1] The opinion is available at http://www.supremecourt.gov/opinions/10pdf/10-779.pdf

The Supreme Court strongly suggested that commercial speech is entitled to the same protection as other forms of speech from unconstitutional prior restraints:

> A government bent on frustrating an impending demonstration might pass a law demanding two years' notice before the issuance of parade permits. Even if the hypothetical measure on its face appeared neutral as to content and speaker, its purpose to suppress speech and its unjustified burdens on expression would render it unconstitutional. *Commercial speech is no exception*.

Slip op., at 10-11 (emphasis added) (citations omitted).

The Supreme Court also held, as Plaintiffs in this case have argued, that the commercial speech classification was essentially irrelevant:

> As in previous cases, however, the outcome is the same whether a special commercial speech inquiry or a stricter form of judicial scrutiny is applied. For the same reason there is no need to determine whether all speech hampered by [the provision] is commercial, as our cases have used that term.

Slip op., at 16 (citations omitted). The Supreme Court emphasized that any reduction in the protection of commercial speech must be tied to *commercial* harm. "[T]he government's legitimate interest in protecting consumers from 'commercial harms' explains 'why commercial speech can be subject to greater governmental regulation than noncommercial speech.'" Slip op., at 24 (citation omitted). A "neutral justification" is required. *Id.*

Rejecting, inter alia, the claim that drug marketing can be annoying to doctors, the Court re-affirmed the principle that "[m]any are those who must endure speech they do not like, but that is a necessary cost of freedom." Slip. op., at 20. Notably, although the First Amendment protects speech, not products, the Court offered that "the State may not seek to remove a popular but disfavored product from the marketplace by prohibiting truthful, nonmisleading advertisements that contain impressive endorsements or catchy jingles." Slip op., at 22.

In conclusion, the Supreme Court explained, "The State has burdened a form of protected expression that it found too persuasive. At the same time, the State has left unburdened those speakers whose messages are in accord with its own views. This the State cannot do." Slip op., at 25. Plaintiff avers that this language captures the situation in the instant case.

Dated: June 24, 2011                Respectfully Submitted,

                                                         Alan Gura
                                                         GURA & POSSESSKY, PLLC
                                                         101 N. Columbus Street, Suite 405
                                                         Alexandria, VA 22314
                                                         703.835.9085/Fax: 703.997.7665
                                                         alan@gurapossessky.com

                              By:    /s/ Alan Gura
                                                         Alan Gura
                                                         Attorneys for Plaintiff Flying Dog Brewery, LLLP