IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FLYING DOG BREWERY, LLLP ) | Case No. 1:11-CV-00307-RJJ |
| ) | |
| Plaintiff, ) | SECOND NOTICE OF NEWLY-DECIDED |
| ) | AUTHORITY RE: PLAINTIFF'S MOTION |
| v. ) | FOR PRELIMINARY INJUNCTION |
| ) | |
| MICHIGAN LIQUOR CONTROL ) | |
| COMMISSION, et al., ) | |
| ) | |
| Defendants. ) | |

PLEASE TAKE NOTICE that this morning, the Supreme Court decided the case of *Brown* v. *Entertainment Merchants Ass'n*, 564 U.S. ___ (2011), striking down California's restrictions on the sale and rental of violent video games to children, as violating the First Amendment's Free Speech guarantee.[1]

Echoing Plaintiff's argument that it is entitled to the same First Amendment protection for distributing Steadman's art to which Steadman would be entitled for creating it, the Supreme Court noted, "Whether government regulation applies to creating, distributing, or consuming speech makes no difference." *Brown*, slip op. at 4, n.1.

With respect to California's alleged child-protection interest in regulating violent video games, the Court explained:

> No doubt a State possesses legitimate power to protect children from harm, but that does not include a free-floating power to restrict the ideas to which children may be exposed. "Speech that is neither obscene as to youths nor subject to some other legitimate proscription cannot be suppressed solely to protect the young from ideas or images that a legislative body thinks unsuitable for them."

---

[1] The opinion is available at http://www.supremecourt.gov/opinions/10pdf/08-1448.pdf

Slip op., at 7 (quoting *Erznoznik* v. *Jacksonville*, 422 U. S. 205, 213–14 (1975)) (other citations omitted). "Even where the protection of children is the object, the constitutional limits on governmental action apply." Slip op., at 17.

The Supreme Court confirmed again that "disgust is not a valid basis for restricting expression." Slip op., at 11.

> Because the Act imposes a restriction on the content of protected speech, it is invalid unless California can demonstrate that it passes strict scrutiny—that is, unless it is justified by a compelling government interest and is narrowly drawn to serve that interest. The State must specifically identify an "actual problem" in need of solving, and the curtailment of free speech must be actually necessary to the solution. That is a demanding standard. "It is rare that a regulation restricting speech because of its content will ever be permissible."

Slip op., at 11-12 (citations omitted). Among other problems, the Supreme Court noted that California's violent video game law was "wildly underinclusive" as the state "singled out the purveyors of video games for disfavored treatment—at least when compared to booksellers, cartoonists, and movie producers—and has given no persuasive reason why." Slip op., at 14.

Here, of course, the purveyors of beer have been singled out for disfavored treatment, while there is absolutely no evidence before the Court that Michigan imposes similar restrictions on any other type of speech, let alone speech that—rather unlike beer labels—is actually directed at children.

Justice Alito's separate opinion concurring in the *Brown* judgment describes in great detail that kind of violent and vulgar speech that the Supreme Court has just held cannot be easily, if at all, restricted as to minors. Slip op. of Alito, J., concurring in judgment, at 13-14. Notably, Flying Dog's RAGING BITCH label, on a product legally sold only to adults, is quite tame in comparison. But even were it not, Michigan's law would still fail First Amendment scrutiny.

Dated: June 27, 2011          Respectfully Submitted,

                                     Alan Gura
                                     GURA & POSSESSKY, PLLC
                                     101 N. Columbus Street, Suite 405
                                     Alexandria, VA 22314
                                     703.835.9085/Fax: 703.997.7665
                                     alan@gurapossessky.com

                       By:     /s/ Alan Gura
                                     Alan Gura
                                     Attorneys for Plaintiff Flying Dog Brewery, LLLP